ROBERT SMITH, plaintiff in error, v. JOHN IRWIN, defendant in error.

*Error to Madison.*

Under the Revised Statutes, there cannot be a trial of an appeal in the Circuit Court until the appellee is before the Court by the service of process, or the entry of an appearance.

The 64th section of the 59th chapter of the Revised Statutes does not embrace the case of an ordinary appeal, but only applies to cases in which the appeal is prosecuted by one of several parties to a judgment, where, as to the parties not joining in the appeal, the cause may be heard at the second term.

THIS was a suit originally commenced by Irwin against Smith, and heard before a justice of the peace of Madison County, when a judgment was rendered in favor of Smith. Irwin appealed to the Circuit Court, and a summons was issued to the appellee to appear, &c. which was returned "not found." An *alias* was issued returnable to the next term of the Circuit Court, upon which the sheriff made a similar return. At the said term, (March term, 1847,) the Hon. Gustavus P. Koerner presiding, the appeal was tried and a judgment rendered in favor of the appellant for $79·75. To reverse that judgment, Smith prosecuted a writ of error.

*L. Davis & N. G. Edwards,* for the plaintiff in error.

There is but a single point made by the assignment of errors. The Court erred in proceeding to try the cause at the second term, there having been no service of process upon the appellee.

Under the law as it existed prior to the enactment of the Revised Statutes, this course would have been correct; but that provision was not incorporated into the revision. Actual service upon the appellee was, therefore, necessary, before a judgment could be rendered against him. See R. L. 395, §§ 32, 33; Rev. Stat. 345, § 61.

The 64th section of the Revised Statutes applies only to cases where one of several parties takes an appeal.

*J. Gillespie,* for the defendant in error.

The Circuit Court did not err in the construction of the statute. In order to arrive at a proper conclusion, all the statutes upon the same subject should be construed together.

For the proper rule of construction, see *Bryan* v. *Buckmaster,* Bre. Ap. 24; Rev. Stat. 473, §36.

The Opinion of the Court was delivered by

TREAT, C. J. This judgment must be reversed. The Court had no jurisdiction over the person of the plaintiff in error. The former provision of the statute, authorizing the trial of an appeal case at the second term after the taking of the appeal, whether the appellee be summoned or not, was not incorporated into the Revised Statutes; and as the law now stands, there cannot be a trial of an appeal case until the appellee is before the Court by the service of process or the entry of an appearance. The 64th section of 59th chap. Rev. Stat. does not embrace the case of an ordinary appeal, but only applies to cases in which the appeal is prosecuted by one of several parties to a judgment, where, as to the parties not joining in the appeal, the cause may be heard at the second term. The former provision, no doubt inadvertently left out of the revision, was a salutary one in practice, and may with much propriety be re-enacted by the Legislature.

The judgment of the Circuit Court is reversed with costs, and the cause is remanded for further proceedings.

*Judgment reversed.*